Hawkins, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court at Sparta, by G-. M. Fogg, administrator of Henry Dickinson, deceased, and Gr. M. Fogg and F. B. Fogg, trustees of Alexander Palache, and by George W. Gibbs; and alleges that about the 25th of December, 1851, complainant, Gibbs, agreed to sell to one John B. Rogers a certain tract of land, situate in White County, Tennessee, and gave Rogers a memorandum, or bond, for title, when the purchase money should be fully paid; that Rogers agreed to pay $5,000, in consideration for said land; that two notes, for $1,000 each, due, respectively, January 1st, 1856, and January 1st, 1857, given by Rogers, to Gibbs, as part of the consideration *292 for the land, are due and unpaid, and are a lien upon the land; and that Gibbs has never conveyed the land to Rogers.
The bill further charges, that, Gibbs being indebted to the estate of Henry Dickinson, deceased, of which complainant, G. M. Fogg, had become the administrator some time in 1852, transferred and assigned said notes to said administrator, with the understanding that they should be held by said administrator as collateral security, for the payment of the debts due from Gibbs to the estate of Dickinson; that said debts are still unpaid.
The bill also charges, that, notwithstanding Rogers had no title to the land, he has sold the most, if not all, of the tract, to various persons.
The bill also charges, that, under a sale by the Chancery Court at McMinnville, complainants, G. M. and F. B. Fogg, purchased, for their clients, Alexander Palache, Thomas L. Norwood, and Charles C. Trabue, a tract of ■ land in Fentress County, Tennessee; and afterwards, the said G. M. and F. B. Fogg purchased, with their own means, and for the benefit of the last mentioned party, another tract, adjoining thereto, and thereafter, complainants, G. M. and F. B. Fogg, were directed, by a decree of the Circuit Court of the United States for the Middle District of Tennessee, to sell said last mentioned tract of land, as trustees, for said Ta-lache and others; and afterwards, on the *7th day of December, 1852, they sold said lands to said Rogers, at the price of #1,500, for the payment of which, Rogers executed his notes for #500, each, due on the 1st of *293 January, 1854, 1855, and 1856, respectively, and payable to G. M. Foggy or order; that the same are due and unpaid, and constitute- a lien upon the land; that the purchase money not ■ having been paid, Gr. M. and F. B. Fogg have never conveyed said land to - Rogers, and that the legal title thereto is still in them; that Rogers has also sold the last mentioned lands to various persons.
The bill also alleges, that, on the 6th day - of April, 1857, Rogers executed a conveyance in trust to complainant, Gr. M. Fogg, of a number of slaves, and other property, consisting of stock, wagons, etc., to secure the payment of said debts, which, as complainants are informed, has been duly recorded, etc. Complainant alleges, that said last mentioned conveyance was made without consultation, and, in fact, without their knowledge; that complainant, Gibbs, knew nothing of it; and the first any of them knew of it, was, when some time after its execution, Rogers sent a copy of it to complainant, G. M. Fogg. Complainants, G. M. Fogg and F. B. Fogg, state, that, in recognizing said deed of trust, they have never intended, and do not now intend, to release, in any manner, the lien upon any of said lands, but have always looked to the lands as security for the payment of the purchase money. Complainant, Gibbs, alleges, he has had nothing to do with said trust deed, and has always looked to the land in White County as security for the payment of the two notes for $1,000 each. Rogers, and the various persons to whom he has sold the lands in White County, *294 as well as the various persons to whom he has sold the lands in Fentress County, are made parties.
Defendants’ hill seeks a sale of the property conveyed to G. M. Fogg in trust, and an appropriation pro rata of the proceeds thereof, to the satisfaction of said debts, and the sale of said lands, for the payment of the balance of the purchase money, if any remains due, after the sale of the property conveyed in trust. The purchasers of portions of the different tracts of land from Rogers, have filed the demurrers to the bill, and assign, as causes of demurrer:
1st, That the bill is multifarious.
2d, That complainants have waived their liens upon the lands, for the payment of the purchase money.
3d, That the Court in White County has no jurisdiction as to the land in Fentress County.
Defendant Rogers answers, and also files a demurrer, in which he assigns, substantially, the same cause of demurrer.
The Chancellor sustained the demurrers, and ordered that complainant’s bill be dismissed — to reverse which, complainants have prosecuted a writ of error to this Court.
We think the decree of the Chancellor is erroneous. This Court held, in the case of Gillespie vs. Bradford, 7 Yer., 168, that “since the English Court of Chancery first assumed jurisdiction by bill, and subpcened to enforce contracts for the sale of land in specie, the vendor has never been deprived of his *295 legal title, without having received the purchase money.” When the vendor conveys the land to the purchaser, by deed, the law creates a lien upon the land, so conveyed, in favor of the vendor, for the payment of the purchase money, but this lien may be waived by the vendor; and if he take a separate and independent security, for the payment of the purchase money, whether it be a mortgage upon other estates, the pledge of goods, or the personal responsibility of a third person, he thereby gives evidence of his abandonment or waiver of his lien upon the conveyed premises, for indemnity; hut this is only prima facia evidence of the waiver, and may be repelled by proof: Marshall vs. Christmas, 3 Hum., 616, 619, Campbell vs. Baldwin et als., 2 Hum., 248. The complainants aver in their bill, that they have never, and do not now intend, by recognizing the mortgage, to waive their liens upon the land, but have, at all times, looked to them, as security for the payment of the purchase money; so that if the vendors had conveyed the land to Rogers, by deeds, the demurrers for this cause cannot be sustained. But in the case now before the Court, the vendors have never conveyed the lands, hut have retained .the title as security for the payment of the purchase money, and it is believed no case can be found, in which it has been holden the vendor may not take other additional, different and independent securities for his indemnity, without abandoning, waiving or surrendering the security thus retained; and, in this respect, the case is very differ *296 ent from those in which the vendor has conveyed to the .purchaser. Upon what authority, or process of reasoning, can it he insisted the vendor has surrendered, or waived his right to a security for his indemnity, which, for the purpose of indemnity, he has retained in his own hands. The lien of G-ihbs upon the land in White County, by virtue of his assignment of the notes, passed to G. M. Fogg, the assignee. As to what does or does not constitute multifariousness, this Court, in the case of Johnson vs. Brown, 2 Hum., 327, has approved the remarks of Justice Story, “that, numerous as are the cases upon this subject, no principle can be extracted from them, that can be safely, adhered to as a general rule; but the Courts must determine each case upon its own peculiar circumstances. While multiplicity of actions, on the one hand, ought to be avoided, we should be careful, on the other, to guard against that complication and confusion in the investigation of rights, and the application of remedies, arising from the attempt to blend in one suit, distinct and incongruous claims and liabilities.” The interest and liabilities of defendants may be separate, yet if they radiate from some common centre, they can be joined in the same suit, — and in sec. 4327 of our Code, it is provided, “the uniting in one bill of several matters of equity, distinct and unconnected, against one defendant, is not multifariousness.” It can not be insisted that the lands in White County, in the hands of Rogers, or those • to whom he had conveyed the same, are *297 not liable to the satisfaction of the notes, in the hands of Gibbs, or Fogg, his assignee — neither can it be insisted the lands in Fentress County, in the hands of Rogers, or those to whom he may have conveyed the same, are not liable to the satisfaction of the notes, given by Rogers to G. M. Fogg. It is conceded, however, that up to the time of the execution of the mortgage by Rogers to Fogg, to secure the payment of the purchase money, due for both tracts of land, connecting the transactions concerning the two tracts of land, or the parties interested in each; but it certainly does form a connecting link, and constitutes a common centre, from which flows and radiates rights and liabilities of all the parties. The complainants, for whose benefit it was made, have a right to insist upon its foreclosure, and the application of the fund arising therefrom, to the satisfaction of the debts which it is intended to secure; the purchasers from Rogers have a right to insist upon the appropriation of the property thus conveyed in trust, to the satisfaction of the debts which constitute a lien upon the lands, which they have purchased from Rogers, inasmuch as the conveyance was made for that purpose, and thus in whole or part, remove the incum-brance now resting upon the lands, so purchased by them; and so far from complication or confusion, growing out of the investigation of the rights of parties in this suit, it is diffiult to see how they can be adjusted without the presence of all the parties. The purchasers from Rogers, have a right to demand a pro rata appropriation of the fund arising from a sale of *298 the trust property, and the purchasers of neither tract, have the right to the appropriation of more than a pro rata of such fund — hence the purchasers of both tracts are interested in this common fund; and the bringing them before the Court in a suit, in which an appropriation and disposition of that fun'd is sought, cannot make the bill multifarious. And in the view we have- taken of this case, we think there can be no question as to the jurisdiction of the Court. Upon this point, the counsel for the defendants, has cited no authority in support of the proposition relied upon in argument, and if any such exist, we are .not aware of it.
The decree of the Chancellor will be reversed, and the cause remanded.